Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dylan Kidner,<br><br>                    Plaintiff,<br><br>vs.<br><br>Moonshine Group LLC d/b/a Draft House, Kristopher Aaron Michell, Benjamin Aaron Levine, Lars S. Havens, and Renee Losee,<br><br>                    Defendants. | No. _____<br><br>**COMPLAINT** |

COMES NOW Plaintiff, Dylan Kidner ("Plaintiff"), individually, and by and through the undersigned attorney and sues the Defendants, Moonshine Group LLC d/b/a Draft House ("Defendant Moonshine"), Kristopher Aaron Michell, Benjamin Aaron Levine, Lars S. Havens, and Renee Losee (collectively, "Defendants"), and he alleges as follows:

1.      At all material times, Plaintiff is an individual residing in Maricopa County, Arizona.

2.      At all material times, Defendant Moonshine was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Moonshine does

-1-

business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

3. At all relevant times, Defendant Kristopher Aaron Michell owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Moonshine. At all relevant times, Defendant Kristopher Aaron Michell had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Moonshine d/b/a Draft House. In any event, at all relevant times, Defendant Kristopher Aaron Michell was an employer subject to the FLSA and employed Plaintiff.

4. At all relevant times, Defendant Benjamin Aaron Levine owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Moonshine. At all relevant times, Defendant Benjamin Aaron Levine had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Moonshine d/b/a Draft House. In any event, at all relevant times, Defendant Benjamin Aaron Levine was an employer subject to the FLSA and employed Plaintiff.

5. At all relevant times, Defendant Lars S. Havens owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Moonshine. At all relevant times, Defendant Lars S. Havens had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the

rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Moonshine d/b/a Draft House. In any event, at all relevant times, Defendant Lars S. Havens was an employer subject to the FLSA and employed Plaintiff.

6. At all relevant times, Defendant Renee Losee owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Moonshine. At all relevant times, Defendant Renee Losee had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's Employment with Defendant Moonshine d/b/a Draft House. In any event, at all relevant times, Defendant Renee Losee was an employer subject to the FLSA and employed Plaintiff.

7. Plaintiff had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff was hired on approximately August 10, 2014 and ceased employment with Defendants approximately October 19, 2014.

8. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendant

regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

## BACKGROUND

11. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees a minimum wage. See 29 U.S.C. § 206(a) ("Section 6(a)"). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## NATURE OF THE CLAIM

12. Defendants own and/or operate as Moonshine Group LLC, an enterprise with multiple establishments located in Maricopa County, Arizona.

13. Plaintiff was hired as a server and bartender from approximately August 10, 2014, through approximately October 19, 2014.

14. Rather than pay its tipped employees the applicable state minimum wage, Defendant paid no hourly wage whatsoever to Plaintiff, leaving him to rely upon tips earned as his only source of income.

15. As a result of Defendants' failure to pay any hourly wage whatsoever to Plaintiff, Plaintiff was forced to perform minimum wage work without hourly compensation from Defendants, such that the average of Plaintiff's wages over his regular 40-hour workweek fell below the overall minimum wage, in violation of 29 U.S.C. § 206(a).

16. As a result of Defendants' failure to pay any hourly wage whatsoever to Plaintiff, Plaintiff was forced to perform minimum wage work without hourly compensation from Defendants, such that the average of Plaintiff's wages that exceeded his regular 40-hour workweek fell below the overall minimum overtime wage rate, in violation of 29 U.S.C. § 207(a).

17. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

18. Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## COUNT I: FAIR LABOR STANDARDS ACT
## MINIMUM WAGE: COMPLETE FAILURE TO PAY HOURLY WAGE

COMES NOW, Plaintiff, Dylan Kidner, individually, stating:

19. At all relevant times, Defendants have been and continue to be employers and enterprises engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

20. At all relevant times, Defendants employed Plaintiff, and Plaintiff was employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

21. For all time Plaintiff performed labor for Defendants, Defendants failed to pay any hourly wage whatsoever to Plaintiff, in willful violation of 29 U.S.C. § 206(a).

22. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to $3.00 per hour,

-5-

on the condition that, among other requirements, such employees have been informed by the employer of the provisions of [29 U.S.C. § 203(m)].

23. Defendants failed to inform Plaintiff of the provisions of 29 U.S.C. § 203(m) at any time over the duration of his employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages, and Defendants should have paid the full Arizona minimum wage for all time Plaintiff worked over his regular 40-hour workweek.

24. As such, full minimum wage for such time is owed to Plaintiff for the entire time he was employed by Defendants.

25. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of his employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

26. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff any wage at all over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

27. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to the overall minimum wage rate for all time spent performing labor for Defendants.

28. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29. Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30. As a result of Defendants failure to pay Plaintiff any wage for work Plaintiff performed during his regular workweek, Defendants violated 29 U.S.C. § 206(a). Plaintiff is therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Dylan Kidner, individually, requests that this Court enter Judgment against Defendants, Moonshine Group LLC d/b/a Draft House, Kristopher Aaron Michell, Benjamin Aaron Levine, Lars S. Havens, and Renee Losee for compensation for unpaid wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

/ /

/ /

/ /

/ /

## COUNT II: FAIR LABOR STANDARDS ACT
## MINIMUM WAGE: FAILURE TO PAY HOURLY OVERTIME WAGE

COMES NOW, Plaintiff, Dylan Kidner, individually, stating:

31. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

32. At all relevant times, Defendants employed Plaintiff, and Plaintiff was employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

33. For all time Plaintiff performed labor for Defendants, Defendants failed to pay any hourly wage whatsoever to Plaintiff.

34. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to $3.00 per hour, on the condition that, among other requirements, such employee has been informed by the employer of the provision of [29 U.S.C. § 203(m)].

35. Defendants failed to inform Plaintiff of the provisions of 29 U.S.C. § 203(m) at any time over the duration of his employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's wages, and Defendants should have paid the full Arizona minimum overtime rate for all time Plaintiff performed labor for Defendants in excess of his regular 40-hour workweek.

36. As such, the full Arizona minimum overtime rate for such time is owed to Plaintiff for all time Plaintiff performed labor for Defendants in excess of his regular 40-hour workweek.

37. Although at this stage, Plaintiff is unable to state the exact amount owed for all time worked during the course of his employment, Plaintiff believes that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

38. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff any wage at all over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

39. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to the Arizona minimum overtime rate for all time spent performing labor for Defendants in excess of his regular 40-hour workweek.

40. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

41. Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

42. As a result of Defendants failure to pay Plaintiff any wage for work Plaintiff performed for Defendants in excess of his regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiff is therefore entitled to compensation for the full Arizona

minimum overtime rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Dylan Kidner, individually, requests that this Court enter Judgment against Defendants, Moonshine Group LLC d/b/a Draft House, Kristopher Aaron Michell, Benjamin Aaron Levine, Lars S. Havens, and Renee Losee for compensation for unpaid wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 23rd Day of October 2014.

> THE BENDAU LAW FIRM, PLLC
>
> By: /s/ *Clifford P. Bendau, II*
> Clifford P. Bendau, II
> Attorney for Plaintiff