Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dylan Kidner,<br><br>             Plaintiff,<br><br>vs.<br><br>Moonshine Group LLC d/b/a Draft House, Kristopher Aaron Michell, Benjamin Aaron Levine, Lars S. Havens, and Renee Losee,<br><br>             Defendants. | No. 2:14-CV-02362-PHX-SMM<br><br>**FIRST AMENDED COMPLAINT** |

COME NOW Plaintiffs, Dylan Kidner, Vanity Delgadillo, Paul Frazier, Lisa Olson, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, Ryan Maya, Cassandra Liguori-Reid, Matthew Harcey, Victoria Summers, Luis Abrahao, and Brenden McConnell ("Plaintiffs"), by and through the undersigned attorney and sue the Defendants, Moonshine Group LLC d/b/a Draft House ("Defendant Moonshine"), Kristopher Aaron Michell, Benjamin Aaron Levine, and Lars S. Havens (collectively, "Defendants"), and they allege as follows:

1. At all material times, Plaintiffs are individuals residing in Maricopa County, Arizona.

2.      At all material times, Defendant Moonshine was a limited liability company duly licensed to transact business in the State of Arizona. Defendant Moonshine does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

3.      At all relevant times, Defendant Moonshine owns, operates as, and/or does business as Draft House, a restaurant and bar located in Peoria, Maricopa County, Arizona.

4.      At all relevant times, Plaintiffs were employees of Defendant Moonshine. At all relevant times, Defendant Moonshine had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' Employment with Defendant Moonshine d/b/a Draft House. In any event, at all relevant times, Defendant Moonshine was an employer subject to the FLSA and employed Plaintiffs.

5.      At all relevant times, Defendant Kristopher Aaron Michell owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Moonshine. At all relevant times, Defendant Kristopher Aaron Michell had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' Employment with Defendant Moonshine d/b/a Draft House. In any event, at all relevant times, Defendant Kristopher Aaron Michell was an employer subject to the FLSA and employed Plaintiffs.

6. At all relevant times, Defendant Benjamin Aaron Levine owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Moonshine. At all relevant times, Defendant Benjamin Aaron Levine had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' Employment with Defendant Moonshine d/b/a Draft House. In any event, at all relevant times, Defendant Benjamin Aaron Levine was an employer subject to the FLSA and employed Plaintiffs.

7. At all relevant times, Defendant Lars S. Havens owns, operates as a manager of, operates as a member of, and/or possesses a similar interest in Defendant Moonshine. At all relevant times, Defendant Lars S. Havens had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' Employment with Defendant Moonshine d/b/a Draft House. In any event, at all relevant times, Defendant Lars S. Havens was an employer subject to the FLSA and employed Plaintiffs.

8. Plaintiff Dylan Kidner had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Dylan Kidner was hired on approximately August 15, 2014 and ceased employment with Defendants approximately October 19, 2014.

9. Plaintiff Vanity Delgadillo had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Vanity Delgadillo was hired on

-3-

approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

10.   Plaintiff Paul Frazier had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Paul Frazier was hired on approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

11.   Plaintiff Lisa Olson had been an hourly employee for Defendants in Phoenix, Arizona for approximately three weeks. Plaintiff Lisa Olson was hired on approximately October 20, 2014 and ceased employment with Defendants approximately November 6, 2014.

12.   Plaintiff Analucia Garza had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Analucia Garza was hired on approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

13.   Plaintiff Tanya Douglas had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Tanya Douglas was hired on approximately September 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

14.   Plaintiff Kelton Garnes had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Kelton Garnes was hired on approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

15. Plaintiff Alec Fairey had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Alex Fairey was hired on approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

16. Plaintiff Ryan Maya had been an hourly employee for Defendants in Phoenix, Arizona for approximately two months. Plaintiff Ryan Maya was hired on approximately August 15, 2014 and ceased employment with Defendants approximately October 10, 2014.

17. Plaintiff Cassandra Liguori-Reid had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Cassandra Liguori-Reid was hired on approximately October 16, 2014 and ceased employment with Defendants approximately November 6, 2014.

18. Plaintiff Matthew Harcey had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Matthew Harcey was hired on approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

19. Plaintiff Victoria Summers had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Victoria Summers was hired on approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

20. Plaintiff Luis Abrahao had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Luis Abrahao was hired on approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

21. Plaintiff Brenden McConnell had been an hourly employee for Defendants in Phoenix, Arizona for approximately three months. Plaintiff Brenden McConnell was hired on approximately August 15, 2014 and ceased employment with Defendants approximately November 6, 2014.

22. Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

24. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiffs occurred within this judicial district, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## BACKGROUND

25. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees a minimum wage. See 29 U.S.C. § 206(a) ("Section 6(a)"). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## NATURE OF THE CLAIM

26. Defendants own and/or operate as Moonshine Group LLC, an enterprise with multiple establishments located in Maricopa County, Arizona, including Draft House in Peoria, Arizona.

27. Plaintiffs were hired by Defendants as servers, bartenders, bar backs, kitchen staff, bar supervisors, kitchen supervisors, and other similar positions, and Plaintiffs worked for Defendants during the time periods listed in Paragraphs 8 through 17, and between the period of approximately August 15, 2014, through approximately November 6, 2014, when Defendants discontinued Draft House's operations.

28. Rather than pay to Plaintiffs the applicable state minimum wage, Defendants paid no hourly wage whatsoever to Plaintiffs, leaving them to rely upon tips earned as their only sources of income.

29. As a result of Defendants' failure to pay any hourly wage whatsoever to Plaintiffs, Plaintiffs were forced to perform minimum wage work without hourly compensation from Defendants, such that the average of Plaintiffs' wages over their regular 40-hour workweek fell below the overall minimum wage for one or more workweek, in violation of 29 U.S.C. § 206(a).

30. As a result of Defendants' failure to pay any hourly wage whatsoever to Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao, Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao were forced to perform minimum wage work without hourly compensation from

Defendants, such that the average of Plaintiffs' Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao wages that exceeded their regular 40-hour workweek fell below the overall minimum overtime wage rate for one or more workweek, in violation of 29 U.S.C. § 207(a).

31. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

32. Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## COUNT I: FAIR LABOR STANDARDS ACT
## MINIMUM WAGE: COMPLETE FAILURE TO PAY HOURLY WAGE

COME NOW, Plaintiffs, Dylan Kidner, Vanity Delgadillo, Paul Frazier, Lisa Olson, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, Ryan Maya, Cassandra Liguori-Reid, Matthew Harcey, Victoria Summers, Luis Abrahao, and Brenden McConnell, stating:

33. At all relevant times, Defendants have been and continue to be employers and enterprises engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

34. At all relevant times, Defendants employed Plaintiffs, and Plaintiffs were employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

35. For all time Plaintiffs performed labor for Defendants, Defendants failed to pay any hourly wage whatsoever to Plaintiffs during the course of one or more of Plaintiffs' regular 40-hour workweeks, in willful violation of 29 U.S.C. § 206(a).

36. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to $3.00 per hour,

on the condition that, among other requirements, such employees have been informed by the employer of the provisions of [29 U.S.C. § 203(m)].

37. Defendants failed to inform Plaintiffs of the provisions of 29 U.S.C. § 203(m) at any time over the duration of his employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiffs' wages, and Defendants should have paid the full Arizona minimum wage for all time Plaintiffs worked during the course of their regular 40-hour workweek.

38. As such, full minimum wage for such time is owed to Plaintiffs for the entire time they were employed by Defendants.

39. Although at this stage, Plaintiffs are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

40. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs any wage at all over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

41. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs a wage equal to the overall minimum wage rate for all time spent performing labor for Defendants.

42. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

43. Plaintiffs, in their work for Defendants, ere employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

44. As a result of Defendants' failure to pay Plaintiffs any wage for work Plaintiffs performed during the course of one or more of their regular 40-hour workweeks, Defendants violated 29 U.S.C. § 206(a). Plaintiffs are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Dylan Kidner, Vanity Delgadillo, Paul Frazier, Lisa Olson, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, Ryan Maya, Cassandra Liguori-Reid, Matthew Harcey, Victoria Summers, Luis Abrahao, and Brenden McConnell, each request that this Court enter Judgment against Defendants, Moonshine Group LLC d/b/a Draft House, Kristopher Aaron Michell, Benjamin Aaron Levine, and Lars S. Havens for compensation for unpaid wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT II: FAIR LABOR STANDARDS ACT
### MINIMUM WAGE: FAILURE TO PAY HOURLY OVERTIME WAGE

COME NOW, Plaintiffs, Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao, stating:

45. At all relevant times, Defendants have been and continue to be employers and enterprise engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and (s), respectively.

46. At all relevant times, Defendants employed Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao, and Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao were employed by Defendants, within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and (g), respectively.

47. For all time Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao performed labor for Defendants, Defendants failed to pay any hourly wage whatsoever to Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao during the course of one or more of their workweeks that exceeded 40 hours.

48. Pursuant to the FLSA, 29 U.S.C. § 203(m), and Arizona wage and hour law, employers may impose a tip credit on their tipped employees' wages of up to $3.00 per hour, on the condition that, among other requirements, such employee has been informed by the employer of the provision of [29 U.S.C. § 203(m)].

49. Defendants failed to inform Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao of the provisions of 29 U.S.C. § 203(m) at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon the wages of Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao, and Defendants should have paid one-and-one half times the rates of pay of Plaintiffs or, at a minimum, the full Arizona minimum overtime rate for all time Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao performed labor for Defendants in excess of their regular 40-hour workweeks during one or more regular workweek.

50. As such, one-and-one half times the rates of pay of Plaintiffs or, at a minimum, the full Arizona minimum overtime rate for such time is owed to Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao for all time Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao performed labor for Defendants in excess of their regular 40-hour workweek during one or more regular workweek.

51. Although at this stage, Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao believe that such information will

become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

52. Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs any wage at all over the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

53. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao a wage equal to one-and-one half times the rates of pay of Plaintiffs or, at a minimum, the full Arizona minimum overtime rate for all time spent performing labor for Defendants in excess of their regular 40-hour workweek during one or more regular workweek.

54. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

55. Plaintiffs, in their work for Defendant, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

56. As a result of Defendants failure to pay Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao any wage for work Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao performed

for Defendants in excess of their regular 40-hour workweeks during one or more regular workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiffs Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao are therefore entitled to compensation for one-and-one half times the rates of pay of Plaintiffs or, at a minimum, the full Arizona minimum overtime rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Dylan Kidner, Vanity Delgadillo, Paul Frazier, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, and Luis Abrahao each request that this Court enter Judgment against Defendants, Moonshine Group LLC d/b/a Draft House, Kristopher Aaron Michell, Benjamin Aaron Levine, and Lars S. Havens for compensation for unpaid wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 13th Day of November 2014.

                        THE BENDAU LAW FIRM, PLLC

                        By:   */s/ Clifford P. Bendau, II*
                               Clifford P. Bendau, II
                               Attorney for Plaintiffs