# THE BENDAU LAW FIRM, PLLC

# Exhibit A

# MEDIATED SETTLEMENT AGREEMENT

This Agreement dated June 22, 2017 is entered into between Dylan Kidner, et. al. Plaintiffs, and Moonshine Group LLC, Union Group LLC, Benjamin Levine and Lars Havens, collectively "Defendants", and concerns a dispute mediated with Amy Lieberman, Insight Mediation.

Recitals:

A. Plaintiff Kidner and a collective group of other individuals named in an action filed in U.S. District Court No. 2:14 – CV 02362 PHX – SMM were employed by Moonshine Group LLC, and Union Group LLC. Plaintiffs claim in the above-referenced lawsuit that they were not paid wages and overtime as required by the FLSA. Claims were asserted against certain individual defendants in addition to the entity employers. The parties agreed to mediate all claims and disputes that were asserted in the lawsuit. As a result of the mediation, Plaintiffs reached an agreement with the above-named Defendants, solely, which is reflected in this Agreement. Plaintiffs have reached a separate agreement with an additional named Defendant, Kristopher Michell, which is not reflected in this Agreement.

B. Without admitting liability for any claims or allegations, and hereby denying same, Plaintiffs and Defendants have reached a resolution of any and all of their disputes, as follows:

1. Payment. Defendants agree to pay Plaintiffs and their counsel, The Bendau Law Firm PLLC the total sum of $55,500.00, as follows: (a) $6,500.00 payable within 30 days; $49,000.00 payable beginning January 1, 2018, in six equal monthly installments of $8166.66. These payments will be attributed one-third to attorney's fees, and costs shall be paid to Plaintiffs' counsel from these amounts as well.

2. Court Approval. If court approval is required by the court, such approval will be obtained prior to any obligation to make payment and will be a condition precedent to this Agreement. If court approval is required, the above payments will be required to be made within 30 days of the date of that approval.

3. Default. Should any of the above payments not be made timely, that failure shall be considered an event of default. In that event, Defendants agree that a stipulated judgment may be entered against Defendants jointly in the amount of $150,000.

4. Release. Upon full payment of the above sums, Plaintiffs agree to release Defendants from any and all claims asserted, or which could have been asserted, known or unknown, in the above-referenced lawsuit.

5. <u>Agreement to Execute</u>. The parties to this Agreement and counsel agree to execute all documents necessary to effectuate the intent of this Agreement, including but not limited to, a Stipulation to Dismiss the above-referenced case against Defendants with prejudice, and if requested, a more formal settlement agreement and release of all claims against Defendants.

6. <u>No Admission of Liability</u>. This agreement shall not be construed as an admission of liability by any of the parties hereto.

7. <u>Reliance on Counsel</u>. Each party relies on their sole judgment and the advice of their independent counsel.

8. <u>Authority and Capacity</u>. The signatories hereto represent that they have full authority and capacity to execute this Agreement on behalf of the parties to the above lawsuit and to this agreement.

Agreed to this 22nd day of June, 2017.

_____
Dylan Kidner, Vanity Delgadillo, and Victoria Summers, on behalf of all Plaintiffs

_____
Benjamin Levine and Lars Havens, on behalf of themselves and on behalf of Moonshine Group LLC and Union Group LLC, Defendants

# MEDIATED SETTLEMENT AGREEMENT

This Agreement dated June 22, 2017 is entered into between Dylan Kidner, et. al. Plaintiffs, and Kristopher Aaron Michell, Defendant, and concerns a dispute mediated with Amy Lieberman, Insight Mediation.

Recitals:

A. Plaintiff Kidner and a collective group of other individuals named in an action filed in U.S. District Court No. 2:14 – CV 02362 PHX – SMM were employed by Moonshine Group LLC, and Union Group LLC. Plaintiffs claim in the above-referenced lawsuit that they were not paid wages and overtime as required by the FLSA. Claims were asserted against certain individual defendants in addition to the entity employers. The parties agreed to mediate all claims and disputes that were asserted in the lawsuit. As a result of the mediation, Plaintiffs reached an agreement with Defendant Michell, solely, which is reflected in this Agreement.

B. Without admitting liability for any claims or allegations, and hereby denying same, Plaintiffs and Defendant Michell have reached a resolution of any and all of their disputes, as follows:

1. <u>Payment</u>. Defendant Michell agrees to pay Plaintiffs and counsel, The Bendau Law Firm PLLC the sum of $6,000.00, as full compensation for all attorney's fees, costs and damages due from Defendant Michell only.

2. <u>Court Approval</u>. If court approval is required by the court, such approval will be obtained prior to any obligation to make payment and will be a condition precedent to this Agreement.

3. <u>Release</u>. Upon full payment of the above sums, Plaintiffs agree to release Defendant Michell from any and all claims asserted, or which could have been asserted, known or unknown, in the above-referenced lawsuit.

4. <u>Agreement to Execute</u>. The parties to this Agreement and counsel agree to execute all documents necessary to effectuate the intent of this Agreement, including but not limited to, a Stipulation to Dismiss the above-referenced case against Michell only with prejudice, and if requested, a more formal settlement agreement and release of all claims against Defendant Michell.

5. <u>No Admission of Liability</u>. This agreement shall not be construed as an admission of liability by any of the parties hereto.

6. <u>Reliance on Counsel</u>. Each party relies on their sole judgment and the advice of their independent counsel.

1

7. <u>Authority and Capacity</u>. The signatories hereto represent that they have full authority and capacity to execute this Agreement on behalf of the parties to the above lawsuit and to this agreement.

Agreed to this 22nd day of June, 2017.

_____
Dylan Kidner, Vanity Delgadillo, and Victoria Summers, on behalf of all Plaintiffs

_____
Kristopher Michell, Defendant

2