IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dylan Kidner, et al. | No. CV-14-2362-PHX-SMM |
| Plaintiffs, | |
| v. | **ORDER** |
| Moonshine Group LLC d/b/a Draft House, et al., | |
| Defendants. | |

Pending before the Court is the parties' joint motion for approval of proposed settlement agreements and dismissal with prejudice of claims by the Plaintiffs: Dylan Kidner, Vanity Delgadillo, Paul Frazier, Lisa Olson, Analucia Garza, Tanya Douglas, Kelton Garnes, Alec Fairey, Ryan Maya, Cassandra Liguori-Reid, Matthew Harcey, Victoria Summers, Luis Abrahao, Emily Brady, and Brenden McConnell. (Doc. 84.) Because this matter involves Fair Labor Standards Act ("FLSA") claims asserted against the remaining individual Defendants,[1] the parties were ordered to submit the settlement reached to the Court for approval and in order to ensure its enforceability. (Doc. 83.)

After reviewing the proposed settlement agreements (Docs. 84-1 and 84-2), the Court will grant the parties' joint motion, approve the proposed settlement agreements, and dismiss

---

[1] The entity Defendants, Moonshine Group, LLC, and Union Group, LLC, did not maintain a counsel of record and previously were found in default. (Docs. 50, 51.) Plaintiffs' motion for a sum certain default judgment against the entity Defendants was denied in order not to prejudice the ability of the remaining individual Defendants, Benjamin Levine, Lars Havens, and Kristopher Michell, to litigate their defense. (Doc. 74.) Subsequently, the parties reached a settlement of their claims. (Doc. 84.)

1 this case with prejudice.

2 Under the reasoning set forth in Lynn's Food Stores, Inc. v. United States, 679 F.2d
3 1350, 1352-53 (11th Cir. 1982), there are only two ways in which back wage claims under
4 the FLSA can be settled or compromised by employees.[2]  One, pursuant to 29 U.S.C. §
5 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid
6 wages owing to them.  Id. at 1353.  The second way is provided in the context of litigation
7 brought directly by employees against their employer pursuant to § 216(b) to recover back
8 wages.  Id.  When an employee brings a private action for back wages and presents to the
9 district court a proposed settlement, the district court "may enter a stipulated judgment after
10 scrutinizing the settlement for fairness."  Id.

11 Outside of the FLSA context, the Court normally does not rule on a private settlement
12 agreement negotiated between the parties.  However, because this is an FLSA action against
13 Defendants, the parties must seek approval of their settlement agreement in order to ensure
14 its enforceability. The Court may approve the settlement if it is a fair and reasonable
15 compromise of the issues.

16 The Court has reviewed the proposed settlement agreements between the parties for
17 $61,500, of which one-third goes to Plaintiffs' counsel ($20,500), plus costs of litigation
18 ($2,623.80). (Doc. 84.) According to the proposed settlement agreements, the remaining
19 $38,376.20 will be distributed proportionally based on the amount of time each Plaintiff
20 worked for the Defendants pursuant to filed affidavits (Id., (citing Doc. 68-3).)

21 The Court finds that the proposed settlement agreements are a fair and reasonable
22 resolution of the issues. First, the individual Plaintiffs faced a certain level of difficulty in
23 establishing the amount of compensation to which they would have been entitled under the

---

[2] While the Ninth Circuit has not specifically addressed this issue, district courts in the Ninth Circuit have followed the reasoning set forth in Lynn's Food Stores.  See, e.g., Ambrosino v. Home Depot U.S.A., Inc., No. CV 11-1319, 2014 WL 3924609 (S.D. Cal. Aug. 11, 2014); Hand v. Dionex Corp., No CV 06-1318, 2007 WL 3383601 (D. Ariz. Nov. 13, 2007).

1  FLSA. Next, absent the proposed agreements reached on settling the matter, the parties
2  would have conducted significant discovery, risked potential adverse rulings, and an even
3  greater amount of time in litigation before arriving at a resolution. The proposed settlement
4  agreements provide payments to Plaintiffs for FLSA wage compensation, costs, and
5  attorney's fees.

6  Based on the foregoing, the Court will approve the proposed settlement agreements
7  entered into between the parties and issue a stipulated judgment of dismissal of this case.

8  Accordingly,

9  **IT IS HEREBY ORDERED** granting the parties' joint motion for approval of the
10 settlement agreements reached between Plaintiffs and Defendants. (Doc. 84.) The settlement
11 agreements (Docs. 84-1 and 84-2) resolve all associated back wage claims, attorney's fees,
12 and costs.

13 **IT IS FURTHER ORDERED** that the Clerk of Court dismiss Plaintiffs' claims with
14 prejudice and terminate this case.

15 DATED this 20th day of October, 2017.

_____
Stephen M. McNamee
Senior United States District Judge